United States District Court
Southern District of Texas
**ENTERED**
September 22, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| JEFFERY WADE GORDON, § <br> Petitioner § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, Director, Texas § <br> Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent § | Civil Action No. 1-22-cv-131 |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of an untitled submission filed by pro se prisoner Jeffery Wade Gordon (hereinafter, Gordon's "Untitled Submission"). Dkt. No. 1. A review of Gordon's Untitled Submission reveals that: (1) he is attempting to assert § 2254 habeas claims; and (2) he may also be attempting to assert § 1983 civil rights claims. *Id.* For the ensuing reasons, it is **RECOMMENDED** that the Court:

(1) **SEVER** Gordon's Untitled Submission into a § 1983 "Complaint" and a § 2254 "Petition;"

(2) **DISMISS** Gordon's § 1983 Complaint without prejudice to refiling;

(3) **DIRECT** the Clerk of Court to send Gordon a form for the filing of a 42 U.S.C. § 1983 complaint and an Application to Proceed In Forma Pauperis;

(4) **NOTIFY** Gordon that, if he wishes to file a § 1983 Complaint, he should complete the form and file it within the District and Division were the conduct causing his alleged injuries occurred; and

(5) **DIRECT** the Clerk of Court to **TRANSFER** Gordon's Petition to the United States District Court, Eastern District of Texas, Tyler Division.

## I. Jurisdiction and Venue

This Court has federal question subject matter jurisdiction to the extent that Gordon has attempted to allege violations of 42 U.S.C. § 1983. *See* Dkt. No. 1 at 4; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). As discussed below, however, it is not clear if venue is proper in this Court. Gordon states that he was injured "here in prison" eight months ago, but he does not identify the prison or clearly state that the conduct causing his injuries occurred within this District or Division. Dkt. No. 1 at 4.

This Court has federal question subject matter jurisdiction to the extent that Gordon has attempted to allege violations of 28 U.S.C. § 2254 because he is currently incarcerated in the Texas Department of Criminal Justice's Willacy County Unit (hereinafter, the "TDCJ's Willacy County Unit"). *See* Dkt. No. 1 at 1, 6; https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=03285671 (last visited on September 22, 2022); 28 U.S.C. § 2241(d) (noting that a habeas petition "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him"). As discussed below, however, it is in the interests of justice to transfer Gordon's Petition to a different venue because his Petition attacks his conviction and he was not convicted within the Southern District of Texas.

## II. Legal Standards

**A. FED. R. CIV. P. 12(b)(6).** Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556

Page **2** of **10**

U.S. 662, 678-80 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Richter v. Nationstar Mortgage, LLC*, Civil Action No. H–17–2021, 2017 WL 4155477, at *1 (S.D. Tex., 2017). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570. This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]" *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557. A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]" *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

**B. 42 U.S.C. § 1983**. Section 1983 of Title 42 does not grant substantive rights. Instead, it provides a vehicle for a plaintiff to vindicate those rights that are protected by the United States Constitution and other federal laws. *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Specifically, § 1983 provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by a "person" acting under color of state law. *Id.* at 315. A plaintiff seeking § 1983 relief must show: (1) that the conduct complained of was committed under color of state law, and (2) that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990) (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1998)).

### III. Discussion

When a prisoner's submission attempts to state both habeas claims and § 1983 claims, the district court is "required" to "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)); *Jones v. Spurlock*, No. 3:18-CV-3112-M-BN, 2018 WL 6706478, at *2 (N.D. Tex. Nov. 28, 2018), *report and recommendation adopted*, No. 3:18-CV-3112-M-BN, 2018 WL 6696493 (N.D. Tex. Dec. 19, 2018) (same). *See also Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) ("[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so."); *McKnight v. Duke*, No. 7:22-CV-00037-M-BP, 2022 WL 2541681, at *1 (N.D. Tex. June 14, 2022), *report and*

Page 4 of **10**

*recommendation adopted*, No. 7:22-CV-00037-M-BP, 2022 WL 2533403 (N.D. Tex. July 7, 2022) (same). Because Gordon's Untitled Submission indicates that he may be attempting to assert § 1983 and § 2254 claims (Dkt. No. 1 at 4), the Court should sever his Untitled Submission into a § 1983 "Complaint" and a § 2254 "Petition." *See id.*

**A. Gordon's Severed Complaint**. Once severed, the Court should find that Gordon's § 1983 Complaint is subject to dismissal for failure to state a claim. His § 1983 Complaint allegations are limited to four short sentences. Dkt. No. 1 at 4. Paraphrased for clarity, these sentences state that, eight months ago, a "militant Muslim" inmate beat him severely without provocation because he is Jewish; and that, as a result, his "facial bones" were broken. *Id.* A plaintiff seeking § 1983 relief must show: (1) that the conduct complained of was committed under color of state law, and (2) that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Hernandez v. Maxwell*, 905 F.2d 94, 95 (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1128). At a minimum, Gordon has not alleged facts indicating the conduct complained of was committed under color of state law. Accordingly, the Court should find Gordon's Complaint subject to dismissal for failure to state a claim. *See id.*

However, rather than dismiss his Complaint with prejudice, or allow him to supplement his claims, the Court should dismiss Gordon's Complaint without prejudice to refiling. There are three good reasons for this. First, Gordon's intent to proceed under § 1983 is not entirely clear. Although it is apparent that he intends to bring claims under § 2254, his Untitled Submission also contains a more general cry for "help." Dkt. No. 1 at 1 ("I am writing to you in the hope that you will be able to help me. I have been told that you may be able to depending on wether or not I have a actual or viable case diserving help") (errors in original). Thus, if Gordon is not currently intending to pursue § 1983

relief now, allowing him to supplement will be pointless, and dismissing his Complaint with prejudice could prevent him from seeking § 1983 relief in the future, should he wish to do so properly.

Second, it is unclear if the conduct Gordon complains of occurred within this District or Division. Gordon states that he was injured "here in prison" eight months ago, but he does not identify the prison or otherwise clearly state that he was injured within the Southern District of Texas. Dkt. No. 1 at 4. Section 1983 does not contain a specific venue provision. 42 U.S.C. § 1983. Consequently, district courts determine venue for § 1983 actions under the general venue provision contained in 28 U.S.C. § 1391(b). *See Baker v. State of Tex.*, No. 1:16-CV-008, 2016 WL 625090, at *1 (S.D. Tex. Jan. 13, 2016) (citing 28 U.S.C. § 1391(b) and *Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir. 1977) for the proposition that § 1391(b)'s venue provisions apply to § 1983 actions); *Scott v. Haines*, No. SA-22-CV-00327-OLG, 2022 WL 2183083, at *1 (W.D. Tex. May 17, 2022) (same). "Pursuant to § 1391(b), '[v]enue for a Section 1983 action lies in the judicial district where a defendant resides, or in the judicial district where a substantial part of the events or omissions giving rise to the claims occurred.'" *Baker v. State of Tex.*, 2016 WL 625090, at *1 (quoting *Trujillo v. Dr. Arce*, No. CIV.A. 5:03-CV-114-C, 2003 WL 21266974, at *1 (N.D. Tex. May 27, 2003)). Because venue in this Division and District is not clear, and the conduct causing Gordon's alleged injuries could have occurred elsewhere, dismissing his instant Complaint without prejudice will allow Gordon to file any § 1983 claims he may have in their appropriate venue.

Third, there is no indication that Gordon has exhausted any state remedies potentially available to him. *See generally* Dkt. No. 1. Dismissing his instant Complaint without prejudice, then, rather than allowing him to supplement, would provide Gordon

with the opportunity to exhaust any available, unexhausted state remedies before proceeding in federal court. Further, presuming his alleged injuries occurred in the state of Texas while in TDCJ custody, he should have adequate time to refile without running afoul of the limitations period applicable to § 1983 actions in Texas. *See Espinoza v. Garza*, No. 1:19-CV-226, 2020 WL 2310022, at *4 (S.D. Tex. Apr. 6, 2020), *report and recommendation adopted sub nom. Rico Espinoza v. Garza*, No. 1:19-CV-00226, 2020 WL 2309686 (S.D. Tex. May 8, 2020) ("'The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.'. . .'Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state.'") (citations omitted).

Accordingly, because Gordon has failed to state a § 1983 claim, his intent to pursue a § 1983 claim now is unclear, and venue here is uncertain, it is recommended that Gordon's Complaint be dismissed without prejudice to refiling. To assist Gordon, it is also recommended that the Court: (1) direct the Clerk of Court to send Gordon a form for the filing of a 42 U.S.C. § 1983 complaint and an Application to Proceed In Forma Pauperis; and (2) notify Gordon that, if he wishes to file a § 1983 Complaint, he should complete the form and file it within the District and Division were the conduct causing his alleged injuries occurred.

**B. Gordon's Severed Petition**. Once severed, the Court should transfer Gordon's Petition to the United States District Court, Eastern District of Texas, Tyler Division. As noted above, the Court has jurisdiction over Gordon's Petition because he is currently incarcerated in the Texas Department of Criminal Justice's Willacy County Unit (hereinafter, the "TDCJ's Willacy County Unit"). *See* Dkt. No. 1 at 1, 6; https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=03285671 (last

visited on September 22, 2022); 28 U.S.C. § 2241(d) (noting that a habeas petition "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him"). Nevertheless, because Gordon was not convicted within this District, and it is in the interests of justice for his habeas claims to be resolved where the potential evidence and witnesses are located,[1] this Court may transfer Gordon's Petition to the District and Division embracing the court of his conviction. *See* 28 U.S.C.A. § 2241(d) ("The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."). Transfer is also appropriate pursuant to the Southern District of Texas's "General Order of May 30, 1985[.]" *See Sanchez v. Lumpkin*, No. CV 4:21-3449, 2022 WL 3702262, at *2–3 (S.D. Tex. Aug. 25, 2022) (citing "General Order of May 30, 1985" for the proposition that "Southern District of Texas policy dictates that challenges to the conviction go to the division within the district where the conviction was entered").

Gordon was convicted in Cherokee County, Texas. *See* Dkt. No. 1 at 1-4; *Gordon v. State*, No. 06-19-00224-CR, 2020 WL 1917939, at *1 (Tex. App. Apr. 21, 2020) ("A Cherokee County jury convicted Jeffery Wayne Gordon of possession of less than one gram of methamphetamine, a state jail felony."). Cherokee County is located within the Tyler Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(1) (noting that the United States District Court, Eastern District of Texas, Tyler Division comprises 10

---

[1] Gordon's Petition attacks numerous aspects of his conviction and sentence. Among other things, he attacks his trial counsel's performance, the actions of the state prosecutors, and the actions of the judge who presided over his criminal trial and proceedings. *See* Dkt. No. 1 at 1-4.

counties, including Cherokee County). Accordingly, it is recommended that the Court transfer Gordon's Petition to the United States District Court, Eastern District of Texas, Tyler Division. *See* 28 U.S.C. § 2241(d) ("The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."). *See also Henderson v. Quarterman*, No. 3:07-cv-248-B, 2007 WL 1411558 (N.D. Tex. May 11, 2007) ("If there is any possibility that an evidentiary hearing may be necessary, a district court should transfer a petition to the district or division in which the petitioner was convicted and sentenced[.]"); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968) ("The legislative history of [ Section 2241(d) ] makes clear that a district court should transfer a petition to the district in which petitioner was convicted and sentenced if the transferring court is of the view that an evidentiary hearing will be necessary before final determination can be had.")); *Davis v. Davis*, No. 3:17-CV-2638-G-BN, 2017 WL 4772713, at *1–2 (N.D. Tex. Sept. 28, 2017), *report and recommendation adopted*, No. 3:17-CV-2638-G (BN), 2017 WL 4736739 (N.D. Tex. Oct. 19, 2017) (same).

## IV. Recommendation

For the reasons provided above, it is **RECOMMENDED** that the Court:

(1)   **SEVER** Gordon's Untitled Submission into a § 1983 "Complaint" and a § 2254 "Petition;"

(2)   **DISMISS** Gordon's § 1983 Complaint without prejudice to refiling;

(3)   **DIRECT** the Clerk of Court to send Gordon a form for the filing of a 42 U.S.C. § 1983 complaint and an Application to Proceed In Forma Pauperis;

(4)     **NOTIFY** Gordon that, if he wishes to file a § 1983 Complaint, he should complete the form and file it within the District and Division were the conduct causing his alleged injuries occurred; and

(5)     **DIRECT** the Clerk of Court to **TRANSFER** Gordon's Petition to the United States District Court, Eastern District of Texas, Tyler Division.

## V.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **22nd** day of **September, 2022,** at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge